JAMES WIDTFELDT, APPELLANT, V. TAX EQUALIZATION AND
REVIEW COMMISSION AND HOLT COUNTY BOARD
OF EQUALIZATION, APPELLEES.
728 N.W.2d 295

Filed March 6, 2007.   No. A-06-1296.

James Widtfeldt, pro se.

Steven A. Keetle for appellee Tax Equalization and Review Commission.

IRWIN, CARLSON, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

As we have explained on several previous occasions, we closely examine all cases in their initial stages to ensure that jurisdiction has been properly conferred and to quickly terminate appeals where we lack jurisdiction. See, e.g., *Widtfeldt v. Holt Cty. Bd. of Equal.*, 12 Neb. App. 499, 677 N.W.2d 521 (2004). Because James Widtfeldt failed to submit a separate filing fee with each appeal, the Tax Equalization and Review Commission (TERC) lacked jurisdiction over each appeal from the lower tribunal and we lack jurisdiction over Widtfeldt's attempt to appeal to this court.

## BACKGROUND

On June 30, 2006, Widtfeldt filed at least 75 separate property valuation protests with the Holt County Board of Equalization (the Board) regarding tax year 2006 values placed on his properties. On July 24, the Board denied his protests, at least as to the 75 properties which pertain to the case before us. On August 21, Widtfeldt appealed the Board's denials to TERC. Widtfeldt filed a separate appeal form for each decision he appealed; he

consequently filed at least 75 separate appeals—one for each parcel of property at issue.

On October 17, 2006, TERC's legal counsel sent a letter to Widtfeldt explaining that TERC received Widtfeldt's appeals, but that "75 of these appeals" were incomplete because they were missing the required $25 filing fee. (We infer from the quoted language that at least one other appeal may have been complete.) One of the 75 appeals was also missing a copy of the final decision from which Widtfeldt was attempting to appeal. The letter informed Widtfeldt that because 75 of his appeals were incomplete, TERC was returning the incomplete appeals to him and TERC would be unable to process the appeals because the time for filing them had expired. The letter explained that the deadline for filing appeals was August 24. The letter also noted that the initial documents sent by Widtfeldt were postmarked August 22 and received by TERC on August 23 and that a second set of materials sent by Widtfeldt containing the above-mentioned missing copy of the final decision, but which did not complete the appeals, was postmarked August 24 and received by TERC on August 28.

On November 17, 2006, Widtfeldt filed a petition for review in this court pursuant to Neb. Rev. Stat. § 77-5019 (Cum. Supp. 2006). He alleges in his petition that TERC should have allowed him to proceed on all of his appeals with one filing fee instead of requiring a filing fee for each appeal. He requests that we enter an order granting him permission to proceed on all of his appeals to TERC with one filing fee.

## STANDARD OF REVIEW

Appellate review of a TERC decision shall be conducted for error on the record. *Falotico v. Grant Cty. Bd. of Equal.*, 262 Neb. 292, 631 N.W.2d 492 (2001). It is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter of an appeal. See *Washington Cty. Bd. of Equal. v. Rushmore Borglum*, 11 Neb. App. 377, 650 N.W.2d 504 (2002).

## ANALYSIS

We begin by observing that Widtfeldt's petition for review filed with this court expressly invokes § 77-5019, which states: "Nothing

in this section shall be deemed to prevent resort to other means of review, redress, or relief provided by law." We are not presented, for example, with an action for writ of mandamus. Mandamus is defined as an extraordinary remedy, not a writ of right, issued to compel the performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person, where (1) the relator has a clear right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act, and (3) there is no other plain and adequate remedy available in the ordinary course of law. *Crouse v. Pioneer Irr. Dist.*, 272 Neb. 276, 719 N.W.2d 722 (2006). Thus, our jurisdiction relies solely upon the right of review conferred by § 77-5019, which jurisdiction in turn depends upon the existence of jurisdiction in the tribunal below.

■ When an administrative agency lacks subject matter jurisdiction over a claim, the courts also lack subject matter jurisdiction on appeal. *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000); *R-D Investment Co. v. Board of Equal. of Sarpy Cty.*, 247 Neb. 162, 525 N.W.2d 221 (1995). We therefore examine the jurisdictional basis for Widtfeldt's 75 appeals before TERC, which examination requires us to review the particular statutes establishing the procedures before the Board and governing the right to appeal to TERC.

Widtfeldt's petition for review asserts that he should be allowed to proceed on all of his appeals although he submitted only one filing fee, because he owns all of the parcels of land at issue, all of the parcels are located in the same county, and there are similar grounds to appeal the Board's decision in each case. We conclude that Widtfeldt's position is not supported by the law.

■ The law requires a protesting taxpayer to submit a separate protest for each parcel of real estate. Neb. Rev. Stat. § 77-1502 (Cum. Supp. 2006) authorizes a taxpayer to challenge the value placed on his or her real property before the county board of equalization. "For protests of real property, a protest shall be filed for each parcel." *Id.* The record in the case before us shows 75 instances of such protests. In each instance, Widtfeldt submitted a separate protest form to the Board. A county board of equalization is then required to render a decision on the protest. See *id.* Each of the protest forms provides a place for the decision of the

county board of equalization to be recorded. In the instant case, the Board recorded its decision regarding each parcel in the designated place on the form submitted for that particular parcel.

■ The statutes governing appeals from a county board of equalization to TERC now contemplate a separate appeal from each decision of the county board of equalization and require a separate filing fee for each appeal. Neb. Rev. Stat. § 77-5007 (Cum. Supp. 2006) generally confers authority to TERC to hear and determine appeals from any county board of equalization. Neb. Rev. Stat. § 77-1510 (Cum. Supp. 2006) authorizes an appeal to TERC from "[a]ny action of the county board of equalization." Neb. Rev. Stat. § 77-5013 (Cum. Supp. 2006) sets forth specific requirements which must be met before TERC acquires jurisdiction over such appeals and provides:

(1) [TERC] obtains exclusive jurisdiction over an appeal . . . when:

(a) [TERC] has the power or authority to hear the appeal . . . ;

(b) An appeal . . . is timely filed;

(c) The filing fee, if applicable, is timely received and thereafter paid; and

(d) In the case of an appeal, a copy of the decision, order, determination, or action appealed from, or other information that documents the decision, order, determination, or action appealed from, is timely filed.

Only the requirements of this subsection shall be deemed jurisdictional.

. . . .

(3) The filing fee for each appeal . . . filed with [TERC] is twenty-five dollars . . . .

(4) The form and requirements for execution of an appeal . . . may be specified by [TERC] in its rules and regulations.

For an appeal from a decision of a county board of equalization to be timely, it must be filed with TERC "on or before August 24." § 77-1510.

Giving effect to the purpose and intent of the Legislature as ascertained from the entire language of the above statutes considered in their plain, ordinary, and popular sense, see *Creighton*

*St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000), we determine that a separate filing fee must accompany each appeal to TERC. If a fee is not timely submitted with the appeal, TERC will not have jurisdiction over the appeal.

We recognize that § 77-5013 has been amended in two instances since the decision of the Nebraska Supreme Court in *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm., supra.* In that case, the court determined that § 77-5013 did not require that a filing fee be paid at the outset to confer jurisdiction upon TERC. The Supreme Court stated in its decision that if the Legislature intended for the $25 filing fee to be a jurisdictional requirement, it could have included jurisdictional language in § 77-5013. Because it did not, the Supreme Court refused to read additional requirements into the statute. However, when *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.* was decided, § 77-5013 contained none of the jurisdictional language that the current version sets forth. Since the Supreme Court issued its decision in *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, the Legislature has added jurisdictional language to § 77-5013. See 2001 Neb. Laws, L.B. 170, and 2004 Neb. Laws, L.B. 973. Clearly, the Legislature responded to the court's decision in *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.* and added language demonstrating its intent to make the requirements of § 77-5013(1) mandatory and jurisdictional. We hold that under the current version of § 77-5013, a filing fee must be timely received by TERC in order for TERC to have jurisdiction over the appeal.

Regulations adopted by TERC also address the requirements for perfecting an appeal with TERC. Before discussing the regulations, we acknowledge that a legislative enactment may properly confer general powers upon an administrative agency and delegate to the agency the power to make rules and regulations concerning the details of the legislative purpose. *City of Omaha v. Kum & Go*, 263 Neb. 724, 642 N.W.2d 154 (2002). Agency regulations, properly adopted and filed with the Secretary of State of Nebraska, have the effect of statutory law. *Id.* In order to be valid, a rule or regulation must be consistent with the statute under which the rule or regulation is promulgated. *Id.*

Neb. Rev. Stat. § 77-5021 (Reissue 2003) grants TERC the power to adopt and promulgate rules and regulations to carry

out its constitutional or statutory purposes, powers, or authority. TERC has adopted several regulations that are relevant to the issues before us. One regulation states that a filing fee must accompany an appeal to TERC and that an appeal filed without a filing fee will not be accepted by TERC and will not be deemed perfected. See 442 Neb. Admin. Code, ch. 5, § 001.05 (2005). Another regulation provides that TERC lacks jurisdiction over appeals or petitions which are filed out of time or which otherwise fail to comply with § 77-5013. 442 Neb. Admin. Code, ch. 5, § 001.06 (2005). The regulations further support our determination that TERC lacked jurisdiction over Widtfeldt's appeals, and therefore, we also lack jurisdiction to hear Widtfeldt's claims.

## CONCLUSION

The relevant statutes require a separate tax valuation protest for each parcel of real estate and a separate filing fee for each appeal from a county board of equalization decision to TERC. Because TERC did not timely receive the required filing fee in each of the 75 appeals, it lacked jurisdiction over the appeals. It necessarily follows that we lack jurisdiction over the appeal from TERC. We therefore dismiss Widtfeldt's appeal.

APPEAL DISMISSED.