CONCLUSION

We conclude that Melanie is entitled to a face-to-face hearing at the Department's local office under 475 Neb. Admin. Code, ch. 1, § 007, but not under the Due Process Clause. She is not a prevailing party for purposes of attorney fees under 42 U.S.C. § 1988, because she lost on the merits of her claim under federal law. We reverse, and remand for further proceedings on Melanie's request for a declaration of rights under 475 Neb. Admin. Code, ch. 1, § 007, and injunctive relief within the scope of such declaration.

Affirmed in part, and in part reversed and remanded for further proceedings.

---

Archer Daniels Midland Company, appellant, v.
State of Nebraska et al., appellees.
___ N.W.2d ___

Filed April 23, 2015.    No. S-14-724.

1. **Taxation: Judgments: Appeal and Error.** An appellate court reviews decisions rendered by the Tax Equalization and Review Commission for errors appearing on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable.
3. **Taxation: Appeal and Error.** An appellate court reviews questions of law arising during appellate review of decisions by the Tax Equalization and Review Commission de novo on the record.
4. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the lower tribunal.
5. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
6. **Statutes: Legislature: Intent: Appeal and Error.** In discerning the meaning of a statute, an appellate court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
7. **Statutes.** If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning.

8. ____. A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme, giving effect to every provision.

9. **Statutes: Taxation.** Tax exemption provisions are to be strictly construed, and their operation will not be extended by construction.

10. **Property: Taxation.** Property which is claimed to be exempt must clearly come within the provision granting exemption from taxation.

11. **Property: Taxation: Time.** The exemption provisions in Neb. Rev. Stat. § 77-5725(8)(c) (Reissue 2009) impose a mandatory statutory deadline for the filing of the prescribed form.

12. **Administrative Law: Taxation: Equity: Legislature.** The Tax Equalization and Review Commission is an agency whose only equitable powers are those conferred upon it by the Legislature.

13. **Stipulations.** In Nebraska, parties are free to make stipulations that govern their rights, and such stipulations will be respected and enforced by courts so long as the agreement is not contrary to public policy or good morals.

Appeal from the Tax Equalization and Review Commission. Affirmed.

James G. Powers, Patrick D. Pepper, and Nicholas K. Niemann, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and L. Jay Bartel for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
After the Department of Revenue (the Department) rejected the claim of Archer Daniels Midland (ADM), the Nebraska Tax Commissioner denied ADM's protest seeking a personal property tax exemption under the Nebraska Advantage Act, Neb. Rev. Stat. § 77-5701 et seq. (Reissue 2009) (the Act) for the year 2010 because the claim was not timely filed. ADM appealed to the Tax Equalization Review Commission (TERC). TERC affirmed. ADM now appeals to this court, assigning that TERC erred when it concluded that it did not have authority to apply the doctrine of "substantial

compliance" to ADM's untimely filings and when it concluded that it did not have equitable authority to enter orders of remand or mandamus to the Tax Commissioner for further consideration of issues relating to the hearing officer. We agree with TERC that there is no basis or authority to apply the doctrine of substantial compliance to vary the terms of the mandatory statutory deadlines and that ADM's untimely claim was properly denied. We further determine that by stipulation, ADM waived the issue relating to the hearing officer, and that TERC did not err when it afforded no relief. Accordingly, we affirm.

## STATEMENT OF FACTS

The parties stipulated to the controlling facts in this case. ADM is a corporation that at all times relevant to these proceedings has been engaged in business in the State of Nebraska and is a taxpayer under Neb. Rev. Stat. § 77-2753 (Reissue 2009). Pursuant to the Act, ADM applied for and entered into an agreement (the Agreement) with the Tax Commissioner with the aim of using incentives set forth in the Act for a project in Platte County, Nebraska. The personal property for which ADM seeks exemption from ad valorem taxes is generally described as involving agricultural processing equipment.

The Agreement provided, inter alia, that ADM would be eligible for exemption from personal property tax if it met "minimum levels of employment and investment" before December 31, 2009. The Agreement further provided:

> (c) To receive the property tax exemptions, the taxpayer shall annually file a claim for exemption with the . . . Tax [Commissioner] and with the county assessor in each county in which the taxpayer is requesting exemption on or before May 1.
>
> . . . .
>
> (ii) The form and supporting schedules [to claim the exemption] shall be prescribed by the . . . Tax [Commissioner] and shall list all property for which exemption is being sought.

The Tax Commissioner prescribed "Form 5725X" as the form for claiming exemption from personal property taxes. See, § 77-5725(8)(c); 350 Neb. Admin. Code, ch. 43, § 003.01A (2009). Because May 1, 2010, fell on a Saturday, the deadline for ADM to file Form 5725X was May 3. See 350 Neb. Admin. Code, ch. 43, § 003.01C (2009).

ADM accomplished the necessary hiring and investing prior to December 31, 2009. ADM built three facilities in Platte County: a dry-mill ethanol plant, a wet-mill ethanol plant, and a cogeneration electrical production plant. The taxable values of these properties totaled $431,236,152.

ADM reported its compliance with the Agreement to the offices of the Tax Commissioner and the Platte County assessor (the Assessor), and those agencies took measures to review ADM's compliance. The Department conducted an audit of ADM, and the Assessor's office had multiple conversations with ADM's property tax manager concerning the potential exemptions.

Prior to May 3, 2010, ADM filed a series of Nebraska personal property tax returns with the Assessor and notified the Assessor that the filings related to ADM's property exemption under the Act.

On May 7, 2010, ADM filed three Forms 5725X with both the Department's property assessment division and the Assessor. They were dated May 1, 2010.

On May 20, 2010, the Department issued a "Notice of Late Filing of Claim for Exemption of Personal Property" to ADM. The notice cited Neb. Rev. Stat. § 77-1229(2) (Reissue 2009) and stated, "Failure to timely file the required forms shall cause the forfeiture of the exemption for the tax year." The notice continued, "Your late filing acts as a waiver of the exemption for tax year 2010" with respect to the subject property.

On May 27, 2010, ADM filed three amended Forms 5725X with the Department's property assessment division and the Assessor.

ADM filed a protest and requested a hearing. It specifically petitioned for redetermination of the Department's conclusion

that ADM's personal property tax exemption claim for the 2010 tax year had not been timely filed.

On June 23, 2010, prior to the hearing, ADM filed a motion to recuse the hearing officer, for the reason that the hearing officer was engaged as a volunteer attorney and member of the advisory board of a public interest organization which had expressed dissatisfaction with the Act.

After ADM filed the motion for recusal, the hearing officer sent an e-mail message to counsel for the Department stating in part: "I am sorry to bother you but is there any precedent for the substance of [ADM's recusal] motion? . . . Is the problem because of any association, past or present? Or continuing? Thanks so much."

Counsel for the Department disclosed the e-mail message to ADM's counsel. On June 30, 2010, ADM filed a second motion to recuse the hearing officer, based on the e-mail message, contending that the e-mail was an impermissible ex parte communication requiring recusal. The hearing officer heard argument on the two recusal motions and denied both motions.

After the rulings on the recusal motions, the parties filed with the Department an "Amended and Restated Stipulation of Facts and Issue," dated July 27, 2010. With respect to the issue, the parties stipulated and agreed as follows:

> IT IS FURTHER STIUPLATED AND AGREED by and between all parties to this stipulation that the only question at issue in this matter (and any appeal thereof) is whether ADM is eligible for a 2010 personal property tax exemption under the . . . Act based on those documents and records filed by ADM with the State of Nebraska and/or Platte County, Nebraska and ADM's correspondence with the State of Nebraska and/or Platte County, Nebraska, and the other communications between ADM, the State of Nebraska, and/or Platte County, Nebraska, based on testimony at the hearing.

Following the hearing, the Tax Commissioner denied the petition for redetermination. The Tax Commissioner agreed with the Department's conclusion that because ADM's personal property tax exemption claim for the 2010 tax year was

not timely filed, denial of the exemption as to the subject property was required.

ADM appealed to TERC. Prior to the hearing on the merits, ADM raised the recusal issue in the form of a motion for remand and writ of mandamus seeking an appointment of an unbiased hearing officer. TERC denied the motion.

Following the hearing on the merits of the appeal, in its order dated July 18, 2014, TERC discussed the recusal issue, explaining its understanding that it had no express authority to order a remand. As to the merits of ADM's appeal, TERC affirmed the Tax Commissioner's determination that the subject property was not exempt from taxation for the year 2010. TERC reviewed the relevant filing provisions of the Act, noted that the filings were not timely, and cited case law stating, inter alia, that statutes relating to exemptions ought to be strictly construed. TERC observed that it does not generally have equitable powers and, therefore, does not have the authority to render equitable decisions without express constitutional or statutory authority. In this regard, it noted that its power to hear appeals "'as in equity'" had been repealed by 2007 Neb. Laws, L.B. 167, § 6. TERC, therefore, rejected ADM's suggestion to the effect that ADM had substantially complied with filing requirements and that its claim should be deemed timely. TERC stated it "found no authority to conclude that ADM substantially complied with the filing requirements of the Act" when ADM undisputedly filed the required forms after the mandatory statutory deadline.

ADM appeals.

## ASSIGNMENTS OF ERROR

ADM generally claims, restated, that TERC erred when it affirmed the Tax Commissioner's determination that the subject property was not exempt from taxation for the year 2010. It specifically claims that TERC erred when it concluded (1) it did not have authority to apply the doctrine of substantial compliance to ADM's untimely filing and (2) it did not have authority to enter orders of remand or mandamus to the Tax Commissioner for further consideration of issues relating to the hearing officer.

## STANDARDS OF REVIEW

[1-3] An appellate court reviews decisions rendered by TERC for errors appearing on the record. *Lozier Corp. v. Douglas Cty. Bd. of Equal.*, 285 Neb. 705, 829 N.W.2d 652 (2013). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable. *Id.* An appellate court reviews questions of law arising during appellate review of decisions by TERC de novo on the record. *Id.*

[4] Statutory interpretation is a question of law, which an appellate court resolves independently of the lower tribunal. See *Republic Bank v. Lincoln Cty. Bd. of Equal.*, 283 Neb. 721, 811 N.W.2d 682 (2012).

## ANALYSIS

*TERC Correctly Concluded That the Late Filing*
*of the Forms Required by the Act Resulted*
*in Forfeiture of the Tax Exemption.*

The statutory framework under the Act controls the outcome in this case. Timely filing of the right form in the right place is required to properly claim a property tax exemption.

There seems to be no dispute that ADM satisfied the investment and hiring requirements of the Act, and the Tax Commissioner and the Assessor reviewed ADM's compliance. In order to obtain the exemption under the Act, ADM was required to file Form 5725X with the Tax Commissioner and the Assessor on or before May 3, 2010, and the terms of the Agreement are to the same effect. See, § 003.01A (prescribing Form 5725X); § 77-5725(8)(c) (setting May 1 as annual deadline); 350 Neb. Admin. Code, ch. 43, § 003.01B (2009) (copies to be filed with Tax Commissioner and Assessor); § 003.01C (providing for filing on next business day). However, ADM did not file the Forms 5725X with the Tax Commissioner and Assessor until May 7.

ADM claims that TERC erred when it concluded that TERC did not have authority to apply the doctrine of substantial compliance to ADM's untimely filing for the exemption. Upon

our de novo review, we find no error. Thus, we conclude that TERC did not err when it affirmed the Tax Commissioner's order which determined that the subject property was not exempt from taxation for the year 2010.

Under the statutory scheme, the Tax Commissioner has been authorized to "adopt and promulgate all rules and regulations necessary to carry out the purposes of the . . . Act." § 77-5733. With respect to the proper form, the Tax Commissioner prescribed the "Claim for Nebraska Personal Property Exemption," Form 5725X as the required form for claiming the exemption. § 003.01A.

Having identified the proper form, we next consider the Act to determine the filing deadline for Form 5725X. At the time of ADM's claim, § 77-5725(8)(c) (now recodified and amended as § 77-5725(8)(d) (Cum. Supp. 2014)) provided, in part:

> In order to receive the property tax exemptions allowed by . . . this section, the taxpayer shall annually file a claim for exemption with the Tax Commissioner on or before May 1. The form and supporting schedules shall be prescribed by the Tax Commissioner and shall list all property for which exemption is being sought under this section. A separate claim for exemption must be filed for each project and each county in which property is claimed to be exempt. A copy of this form must also be filed with the county assessor in each county in which the applicant is requesting exemption. The Tax Commissioner shall determine the eligibility of each item listed for exemption . . . .

Reference to the May 1 deadline appears elsewhere in the Act and regulations. See, e.g., § 77-1229(2).

Consequences of a failure to timely file are found in the language of § 77-1229(2), which addresses the procedure for filing with the Assessor to obtain the personal property exemption at issue. Section 77-1229(2) provides:

> Any person seeking a personal property exemption pursuant to . . . the . . . Act shall annually file a copy of the forms required pursuant to . . . the [A]ct with the county assessor in each county in which the person is requesting

exemption. The copy shall be filed on or before May 1. *Failure to timely file the required forms shall cause the forfeiture of the exemption for the tax year.*

(Emphasis supplied.)

The consequences of an untimely filing are also addressed in agency regulations which, having been adopted by the Department and filed with the Secretary of State, have the effect of statutory law. See *Middle Niobrara NRD v. Department of Nat. Resources*, 281 Neb. 634, 799 N.W.2d 305 (2011). Those regulations provide that failure to timely file Form 5727X with the Tax Commissioner "shall constitute a waiver of the exemption." § 003.01B. Those regulations further provide that no extension of time shall be granted for filing Form 5727X and supporting schedules. § 003.01C.

[5-8] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Bridgeport Ethanol v. Nebraska Dept. of Rev.*, 284 Neb. 291, 818 N.W.2d 600 (2012). In discerning the meaning of a statute, we must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Id.* If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Id.* A court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme, giving effect to every provision. See *State v. Piper*, 289 Neb. 364, 855 N.W.2d 1 (2014).

[9,10] This court has previously considered tax exemption provisions and stated that they are to be strictly construed and that their operation will not be extended by construction. See *Bridgeport Ethanol v. Nebraska Dept. of Rev., supra.* Property which is claimed to be exempt must clearly come within the provision granting exemption from taxation. *Id.* Significantly, in TERC cases, we have required strict compliance with statutory time requirements. See, e.g., *Republic Bank v. Lincoln Cty. Bd. of Equal.*, 283 Neb. 721, 811 N.W.2d 682 (2012) (determining that despite unclear deadline language in

taxpayer form, TERC did not obtain subject matter jurisdiction because deadline for filing appeal was controlled exclusively by statute, and that appeal was not timely filed).

[11] We review the exemption provisions in § 77-5725 as well as the remainder of the Act and the implementing regulations in light of the foregoing principles of statutory construction. In so doing, it is clear that the provisions impose a mandatory statutory deadline for the filing of Form 5725X which we are not free to ignore.

In its order, TERC correctly noted that the required filing deadline was May 1, 2010, which, because it fell on a Saturday, was extended to Monday, May 3. See § 003.01C. TERC stated that the "evidence in this appeal is undisputed that ADM did not file the required Form 5725X with both the . . . Assessor and the . . . Department . . . until May 7, 2010, four days after the statutorily required filing deadline of May 3, 2010." The evidence included the Agreement, which is consistent with the Act and in which ADM agreed to file its claim with the Tax Commissioner and Assessor on or before May 1. TERC concluded that "the required filings were not made until after the statutorily required filing deadlines [and] that the Tax Commissioner's decision" was not arbitrary or unreasonable. TERC's decision affirming the ruling of the Tax Commissioner was supported by the applicable law and evidence.

Notwithstanding the acknowledged lateness of its filings, ADM urged TERC to apply the equitable doctrine of substantial compliance to effectively extend the statutory deadline. ADM claims TERC erred when it rejected this suggestion. We conclude TERC did not err.

[12] TERC is an agency whose only equitable powers are those conferred upon it by the Legislature. See *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000). We find no statutory language that would have allowed TERC to deviate from the mandatory deadline clearly set forth in the Act. To the contrary, as noted by TERC, L.B. 167, § 6, repealed the statutory provision which had authorized TERC to hear appeals "'as in equity.'"

Our conclusion that TERC did not have authority to apply the doctrine of substantial compliance to the untimely filing

is reinforced by the language of the statutes and regulations pertaining to late filings. As noted in our recitation above, the relevant provisions regarding the consequences of untimely filings provide variously that a "[f]ailure to timely file the required forms shall cause the forfeiture of the exemption for the tax year," § 77-1229(2); no extensions of time to file Form 5725X shall be granted, § 003.01C; and failure to timely file Form 5725X "shall constitute a waiver of the exemption," § 003.01B. Construing the deadline and forfeiture provisions together, there is no basis to ignore the filing schedule set by the Legislature in order to grant relief to ADM. We conclude that TERC did not err when it declined to apply the doctrine of substantial compliance to ADM's untimely filings and when it affirmed the order of the Tax Commissioner denying ADM's protest.

*The Parties' Amended Stipulation*
*Waived the Recusal Issue.*

ADM asks this court to address its recusal claim and consider whether TERC erred when it determined it did not have authority to enter orders of remand or mandamus to the Tax Commissioner for further consideration of the issue relating to the hearing officer. Because we conclude that ADM waived this issue, we do not reach this claim of error.

As stated above, ADM filed two motions for recusal which were denied. After those rulings, ADM stipulated and agreed that "the only question at issue in this matter (and any appeal thereof) is whether ADM is eligible for a 2010 personal property tax exemption" under the Act.

[13] In Nebraska, parties are free to make stipulations that govern their rights, and such stipulations will be respected and enforced by courts so long as the agreement is not contrary to public policy or good morals. *Lincoln Lumber Co. v. Lancaster*, 260 Neb. 585, 618 N.W.2d 676 (2000). See, also, *Shearer v. Shearer*, 270 Neb. 178, 700 N.W.2d 580 (2005) (stating that parties are bound by stipulations voluntarily made and that relief from such stipulations is warranted only under exceptional circumstances); *Malerbi v. Central Reserve Life*, 225 Neb. 543, 407 N.W.2d 157 (1987) (stating

that stipulation was equivalent of pretrial order and that party which stipulated to issues to be tried could not complain on appeal that other issues should have been included).

We conclude that ADM is bound by its stipulation to limit the issues in this matter—including on appeal—to its entitlement to the claimed 2010 personal property tax exemption, thereby excluding consideration of the issue regarding the hearing officer on appeal. In any event, given the clear provisions of the Act and implementing regulations requiring rejection of ADM's untimely claimed exemption, there is no basis to expect a different outcome at the Department or at TERC; nor is it reasonable to expect that a ruling contrary to our decision discussed above would be upheld on appeal to this court.

## CONCLUSION

Because ADM did not timely file its claim for a personal property tax exemption for the subject property for the year 2010, ADM is not entitled to the exemption, and TERC did not err when it affirmed the order of the Tax Commissioner which denied ADM's protest. Accordingly, we affirm.

AFFIRMED.