Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/17/2020 08:08 AM CDT

In re Application No. C-4973 of Keith Skrdlant.
Windstream Communications, Inc., appellant,
v. Nebraska Public Service Commission
and Keith Skrdlant, appellees.

In re Application No. C-4960 of Jason Poppe et al.
Windstream Communications, Inc., appellant,
v. Nebraska Public Service Commission
et al., appellees.

___ N.W.2d ___

Filed April 23, 2020.    Nos. S-18-877, S-18-878.

1.  **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question
    that does not involve a factual dispute is determined by an appellate
    court as a matter of law, which requires the appellate court to reach a
    conclusion independent of the lower court's decision.
2.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues pre-
    sented for review, it is an appellate court's duty to determine whether it
    has jurisdiction to decide them.
3.  **Public Service Commission: Time: Words and Phrases: Appeal and
    Error.** The words "file" and "filing" in Neb. Rev. Stat. § 75-134.02
    (Reissue 2018) mean that a motion for reconsideration must be in the
    possession of the Public Service Commission within 10 days after the
    effective date of the order in order to suspend the time for filing a notice
    of intention to appeal.
4.  **Administrative Law: Presumptions: Evidence.** The file stamp of an
    agency is afforded a presumption of regularity, and therefore, in the
    absence of evidence to the contrary, the date a document was received
    by and in the possession of the agency is the date shown by the
    file stamp.

Appeals from the Public Service Commission. Appeals
dismissed.

Blake E. Johnson and Katherine J. Spohn, of Bruning Law Group, for appellant.

Douglas J. Peterson, Attorney General, and L. Jay Bartel for appellees.

Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

In these two appeals, Windstream Communications, Inc. (Windstream), attempts to appeal orders of the Nebraska Public Service Commission (PSC) which granted applications requesting changes to existing boundaries so that the applicants could receive advanced telecommunications services from another service provider in lieu of service from Windstream. As explained below, Windstream's motions for rehearing were not timely filed and did not suspend the time for appeal. Accordingly, Windstream's notices of intention to appeal were not timely filed with the PSC, and we lack jurisdiction. We dismiss these appeals.

## STATEMENT OF FACTS

In both cases Nos. S-18-877 and S-18-878, applicants requested boundary changes so that they could receive advanced telecommunications service from Hamilton Telecommunications. In case No. S-18-877, Keith Skrdlant filed an application on March 1, 2018, and in case No. S-18-878, 10 applicants, including Jason Poppe, filed their applications on November 27, 2017. In each case, the PSC notified Hamilton Telecommunications and Windstream of the applications, and in each case, Hamilton Telecommunications responded that it would accept the request, but Windstream did not consent to the requested boundary changes.

After holding public hearings on the applications, the PSC entered orders in both cases on July 10, 2018. In case No.

S-18-877, the PSC found that Skrdlant's application should be granted, and it ordered that the requested revision to exchange boundaries be made. In case No. S-18-878, the PSC found that the applications of Poppe and of three other applicants, each of whom had either testified at the public hearing or submitted information after the hearing, should be granted, and it ordered that the requested revisions to exchange boundaries be made. However, the PSC denied the applications of the six remaining applicants because they failed to appear or to submit information upon the PSC's request. In each case, the PSC concluded its order by stating that the order was "ENTERED AND MADE EFFECTIVE . . . this 10th day of July, 2018."

Windstream thereafter submitted motions for rehearing requesting that the PSC reconsider its July 10, 2018, orders in these cases. A certificate of service attached to each motion asserted that the motion was served on the applicants via certified mail on July 20, but each motion was file stamped as having been received by the PSC on July 23. On July 31, the PSC entered orders scheduling oral arguments on Windstream's motions for rehearing. Oral arguments were held, and on August 21, the PSC entered orders denying the motions for rehearing.

On September 13, 2018, in each case, Windstream filed a notice of intention to appeal with the PSC. Thereafter, in each case, the Nebraska Court of Appeals filed an order to show cause why the appeal should not be dismissed for lack of jurisdiction. The Court of Appeals noted that the PSC's order provided that it was effective on July 10 and that Windstream's motion for rehearing was not filed within 10 days of the entry of the PSC order. The Court of Appeals reasoned that because the motion for rehearing, which was file stamped July 23, was not filed within 10 days, it could not be a terminating motion, and that because Windstream's notice of appeal was not filed within 30 days of the July 10 order, it was not timely.

Windstream responded to the order to show cause in each case. Windstream argued that it had filed its motion for rehearing within 10 days of the July 10, 2018, order because it "transmitted" the motion "both electronically and via U.S. Mail on July 20, 2018." Windstream filed the affidavit of one of its attorneys in each case. In the affidavits, the attorney stated that she transmitted to the PSC "an electronic communication dated July 20, 2018 . . . which enclosed [Windstream's] Motion for Rehearing in this matter" and that on that same day, she "transmitted a hard copy" of the motion for rehearing to the PSC "via U.S. Mail." The affidavit did not aver that the motion had been received by the PSC on July 20. No affidavit by PSC personnel was submitted which might have averred that the PSC received the motion on July 20. And, although the email attached to the attorney's showing states, "[a]ttached, please find motions for rehearing," the email submitted as proof bore no attachments, not even an unstamped motion for rehearing. Windstream contended that "service of the Motion was effective as of July 20, 2018" and cited Neb. Ct. R. Pldg. § 6-1105(b)(4) (rev. 2016). Windstream argued that it had 30 days after the PSC's August 21 rulings on its motions for rehearing to file its notices of intention to appeal and that it timely did so on September 13.

After Windstream filed its responses to the orders to show cause, the Court of Appeals entered orders stating that the cases would proceed but that it would reserve ruling on jurisdictional issues. We later moved these cases to our docket.

## ASSIGNMENT OF ERROR

In each case, Windstream claims that the PSC erred when it determined that the applicants would not receive reasonable advance telecommunications capability service within a reasonable amount of time absent a change to the exchange boundary.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law,

which requires the appellate court to reach a conclusion independent of the lower court's decision. *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019).

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is our duty to determine whether we have jurisdiction to decide them. *Id.* This is the case regardless of whether the issue is raised by the parties. *Id.*

The following statutes govern appeals from orders of the PSC and are relevant to the jurisdictional issue in this appeal: Neb. Rev. Stat. § 86-158(1) (Reissue 2014) provides, "Except as otherwise provided in section 86-123, any order of the [PSC] entered pursuant to authority granted in the Nebraska Telecommunications Regulation Act may be appealed by any interested party to the proceeding. The appeal shall be in accordance with section 75-136." Neb. Rev. Stat. § 75-136(2) (Reissue 2018) provides:

> Any appeal filed on or after October 1, 2013, shall be taken in the same manner and time as appeals from the district court, except that the appellate court shall conduct a review of the matter de novo on the record. Appeals shall be heard and disposed of in the appellate court in the manner provided by law. Appeal of a [PSC] order shall be perfected by filing a notice of intention to appeal with the executive director of the [PSC] within thirty days after the effective date of the order as determined under section 75-134.

Neb. Rev. Stat. § 75-134(2) (Reissue 2018) provides in part that "[e]very order of the [PSC] shall become effective ten days after the date of the mailing of a copy of the order to the parties of record except (a) when the [PSC] prescribes an alternate effective date . . . ." Neb. Rev. Stat. § 75-134.02 (Reissue 2018) provides in part:

> [A]ny party may file a motion for reconsideration with the [PSC] within ten days after the effective date of the order as determined under section 75-134. The filing of a

motion for reconsideration shall suspend the time for filing a notice of intention to appeal pending resolution of the motion . . . ."

In the July 10, 2018, orders about which Windstream complains, the PSC declared that the orders were effective the day they were entered. Therefore, the effective date of the orders under § 75-134(2)(a) was July 10. Under § 75-136(2), appeals from the orders would be "perfected by filing a notice of intention to appeal with the executive director of the [PSC] within thirty days after" July 10. While under § 75-134.02 the "filing of a motion for reconsideration shall suspend the time for filing a notice of intention to appeal," § 75-134.02 requires such motion for reconsideration to be filed "within ten days after the effective date of the order." To determine compliance with these statutes, we must determine when the motions for rehearing were filed with the PSC. If the motions for rehearing were not timely, then the time for filing the notices of intention to appeal was not suspended and the notices of intention to appeal filed September 13 were not timely.

[3] The motions for rehearing filed by Windstream in these cases were file stamped by the PSC as being received on July 23, 2018, which was more than 10 days after the July 10 effective date of the orders. In a case interpreting a statute governing filing deadlines for appeals in the Tax Equalization and Review Commission (TERC), we held that "the word 'filed' means 'in the possession of' a particular person or agency, as the circumstance dictates, and that [the statute] makes it clear that the appeal must be in the possession of TERC in order to be considered filed." *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 920, 620 N.W.2d 90, 101 (2000). We similarly interpret "file" and "filing" in § 75-134.02 to mean that a motion for reconsideration must be in the possession of the PSC within 10 days after the effective date of the order in order to suspend the time for filing a notice of intention to appeal.

In the records of the proceedings in the PSC that were provided in these appeals, the only indication of when Windstream's motions for rehearing were in the possession of the PSC is the date of July 23, 2018, that was file stamped on each motion. In a case in which the date a notice of appeal was filed was at issue, we noted that "[i]t has long been held that in the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed." *State v. Hess*, 261 Neb. 368, 377, 622 N.W.2d 891, 900-01 (2001). We reasoned in *Hess* that the timely filing of documents is an official duty of the clerk of a district court and that "the timely filing of such documents is an official act to which the presumption of regularity attaches." 261 Neb. at 377, 622 N.W.2d at 901. We further reasoned in *Hess* that "[t]he entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown," and we therefore concluded that "we must presume, in the absence of affirmative evidence to the contrary, that the clerk performed his or her duty and endorsed the notice of appeal with the date it was in fact presented to him or her for filing." 261 Neb. at 377-78, 622 N.W.2d at 901.

[4] By reasoning similar to *Hess*, we determine that the file stamp of an agency such as the PSC is afforded a presumption of regularity and that therefore, in the absence of evidence to the contrary, the date the document was received by and in the possession of the agency for filing is the date shown by the file stamp. The file stamp is durable proof of filing unless overcome by meaningful evidence to the contrary. In response to the Court of Appeals' orders to show cause, Windstream attempted to overcome this presumption by asserting that on July 20, 2018, it transmitted the motions electronically as email attachments and via the U.S. mail. Windstream's evidence of such transmissions included affidavits of its attorney to which copies of the email were

attached, but the emails themselves bore no attached motions for rehearing.

With regard to mailing hard copies of the motions via U.S. mail on July 20, 2018, such mailing was not effective to establish that the motions were filed with the PSC on that date. As discussed above, the relevant statutes require filing within 10 days, which we interpret to mean that the motions must be in the possession of the PSC within that time. Mailing on a certain date does not establish possession by the recipient on that date. By contrast, we note that after the decision in *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm., supra*, discussed above, the Legislature amended relevant statutes related to appeals to TERC to adopt a "mailbox rule" to the effect that an appeal is timely filed if placed in the U.S. mail on or before the specified date. See *Lozier Corp. v. Douglas Cty. Bd. of Equal.*, 285 Neb. 705, 829 N.W.2d 652 (2013). However, the statutes quoted above regarding filing of motions with the PSC do not contain a "mailbox rule" nor do the rules, effective April 19, 2019, to which we refer below, contain a "mailbox rule." In sum, Windstream does not direct us to authority to the effect that a motion is timely filed with the PSC if placed in the mail on or before the specified date. Windstream cites only Neb. Ct. R. Pldg. § 6-1105(b)(4); however, that rule relates to *service* of pleadings, not to *filing* of pleadings.

In regard to service, at oral argument the attorney for the PSC stated that the motion "had been received electronically" and, when asked to clarify, answered "it was emailed to counsel, so counsel had it." Regarding filing, the attorney continued, "[w]hether they're the appropriate . . . I mean, I'm not sure how filing is accomplished, even if it[']s hand-delivered. I suspect it comes in, *somebody stamps it* . . . ." (Emphasis supplied.) Given the foregoing and the substance of the emails, it is not clear that Windstream even considered the email sent by its counsel to constitute a "filing." We do not believe the PSC has established filing or admitted to a fact establishing filing on July 20, 2018, and to the contrary, we

understand the dialogue quoted above to mean that although there may have been service on opposing counsel on July 20, the filing of the motions is evidenced by a file stamp which in this case was July 23.

Windstream's evidence that it submitted the motions electronically does not overcome the presumption that the motions for rehearing were filed as stamped on July 23, 2018. A proper efiling system provides verification of receipt. No such verification has been submitted in this case. The Windstream affidavit in response to the show cause order did not aver or identify that a recipient of the email was a PSC individual authorized to receive and administer the filing. And although the email heading shows that the email was sent to various "nebraska.gov" addresses, the record does not show that any certain address is that of the proper person with whom a pleading to the PSC must be filed; during the pendency of the appeal, the PSC did not assert that a proper person received the document on July 20. It is not the duty of a court to scour the record in search of facts that might support a claim. See *State v. Dill*, 300 Neb. 344, 913 N.W.2d 470 (2018) (declining to scour record in search of facts that might support claim). Finally, even if we were to adopt a presumption that the email sent by Windstream on July 20 bore attached motions for rehearing and further presume that it was received by a proper recipient on that same date, Windstream has not directed us to any rule or regulation of the PSC or other authority indicating that an email attachment is an acceptable method for filing a motion with the PSC. Compare *Strode v. Saunders Cty. Bd. of Equal.*, 283 Neb. 802, 815 N.W.2d 856 (2012) (filing of motion for rehearing by facsimile acceptable because rule adopted by TERC provides for filing by facsimile if original is mailed or delivered within 24 hours).

For completeness, we note that effective April 21, 2019, the PSC amended its general rules of practice and procedure. Those rules now define a pleading to include a motion, 291 Neb. Admin. Code, ch. 1, § 001.25 (2019); require that

all pleadings must be on white letter-sized paper, 291 Neb. Admin. Code, ch.1, § 002.05A (2019); and require that all pleadings must be "filed with the [PSC] at its official office," 291 Neb. Admin. Code, ch. 1, § 002.05B (2019). They further provide that "[f]iling may be accomplished by personal delivery or mail and will be received during regular office hours of the [PSC]." *Id.* See, also, 291 Neb. Admin. Code, ch.1, § 002.01 (2019) ("office hours are 8:00 a.m. to 5:00 p.m., Monday through Friday"). These rules appear to end any uncertainty over whether filings with the PSC can be accomplished via email.

## CONCLUSION

Based on the file stamps, the motions for rehearing are presumed to have been filed with the PSC on July 23, 2018, and Windstream has not overcome that presumption. The motions therefore were not filed within 10 days of the effective date of the respective orders, and under § 75-134.02, they did not suspend the time for filing a notice of intention to appeal. Windstream's notices of intention to appeal were filed with the PSC on September 13, which was beyond the 30-day time limit allowed under § 75-136(2) to perfect appeals from the July 10 orders. We therefore lack jurisdiction and accordingly dismiss these appeals.

Appeals dismissed.

Heavican, C.J., participating on briefs.
Funke, J., not participating.

Papik, J., concurring.

Windstream's appeals were timely filed only if its motions for reconsideration were filed by July 20, 2018. I agree with the majority opinion that, given the July 23 file stamp appearing on Windstream's motions, it is appropriate to presume that the motions were not filed until then, in the absence of evidence to the contrary. I also agree that Windstream has not supplied us with evidence sufficient to rebut the presumption.

I write separately to make some observations about difficulties that can arise when, as here, the governmental entity with whom a motion is to be filed has no rules or regulations setting forth the method by which the motion is to be filed or the person or persons within the entity with whom it is to be filed.

If, at the time Windstream filed its motions, the Public Service Commission (PSC) had rules or regulations informing litigants as to how they were to file a document, the tasks of filing a motion and determining whether one was timely filed would both be relatively easy. In that scenario, a motion would be effectively filed as soon as the person at the PSC identified by rule actually received the motion by the prescribed method. See *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 920, 620 N.W.2d 90, 101 (2000) (interpreting "filed" to mean "'in the possession of' a particular person or agency, as the circumstance dictates").

Here, however, the PSC had no rules or regulations setting forth how filing was to be accomplished. For this reason, it is not entirely clear to me how we can determine whether and when the right person received the motion by the appropriate method. Indeed, at oral argument, counsel for the PSC acknowledged that he did not know to whom at the PSC a filing must be delivered. This situation, it seems to me, places litigants in a very difficult position, particularly where, as here, appellate jurisdiction depends upon the timely filing of motions.

So what counts as a "filing" of a document with a governmental body if no direction is provided as to how that is to be accomplished? An Ohio appellate court wrestled with that question in *Hanson v. Shaker Hts.*, 152 Ohio App. 3d 1, 786 N.E.2d 487 (2003). It concluded that if no direction is provided in statute or regulation as to the method of filing, a party can use any method of delivery to effectively file a document so long as it is actually received. It also concluded that in the absence of specific direction as to the person within the governmental body with whom a document is to be filed, filing is

accomplished by actual delivery to personnel within the governmental body if delivery to that person or persons is "reasonably calculated to notify" the appropriate official or officials of the filing. *Id.* at 7, 152 Ohio App. 3d at 491.

As the majority notes, we have previously interpreted the word "filed" to mean "'in the possession of' a particular person or agency, as the circumstance dictates." *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. at 920, 620 N.W.2d at 101. I am open to the possibility that the *Hanson* court's approach is consistent with our interpretation of the word "filed," but would also prevent parties from being penalized for not being informed how or with whom a document is to be filed.

Here, however, I do not believe Windstream has shown that its motions for reconsideration were timely received by persons who were reasonably likely to notify the relevant officials at the PSC that a motion had been filed. There is no indication the hard copies Windstream mailed to the PSC were received by July 20, 2018. This leaves only the July 20 email sent by Windstream's counsel. The sole affidavit Windstream offered in response to the jurisdictional order to show cause attached that email and asserted that the motions were attached thereto and that the email was sent to "the Nebraska Public Service Commission and its legal counsel." No additional details were provided either in the affidavit or in the response to the order to show cause about the specific identity of the recipients, why the motions were emailed to them, or how sending the motions to the recipients was reasonably calculated to result in the appropriate officials at the PSC receiving notification of the filing. Nor did the record as a whole provide evidence sufficient to answer these questions without conjecture.

In fact, as the majority observes, it is not even clear that Windstream considered the email sent by its counsel to constitute a "filing." The email was sent to counsel for the PSC and did not specifically request that the motions be filed. Instead, it stated, in relevant part, "Attached, please find motions for

rehearing filed on behalf of Windstream . . . . A hard copy of each motion has also been mailed to the [PSC]." This language and the fact it was sent to counsel suggests to me that Windstream intended for the mailed hard copy to be filed, and was merely *serving* opposing counsel via email. Windstream did nothing to counter that appearance on appeal. To the contrary, it seemed to confirm that reading, by arguing, with citation to a civil pleading rule regarding service of motions, that *service* of the motions was effective on July 20, 2018.

In the absence of evidence that the July 20, 2018, email attaching the motion for reconsideration was received by PSC personnel who were reasonably likely to notify the appropriate officials of the filing, Windstream could not overcome the presumption of regularity even if we were to adopt the *Hanson* court's approach to determining whether a motion was effectively filed.

Fortunately, as the majority notes, it does not appear this issue is likely to recur in the PSC context now that the PSC has amended its rules and regulations to clarify how filing is to take place. However, in the event that a question should arise in the future as to whether a party properly filed a document with another governmental entity with no rules or regulations setting forth how filing is accomplished, I would be open to considering whether a party may show that it effectively filed a document by making the showings discussed in the *Hanson* case summarized above.