Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/08/2021 09:11 AM CDT

- 597 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

Robert F. Colwell, Jr., D.D.S., and Robert
F. Colwell Jr., DDS, P.C., appellants, v.
Managed Care of North America,
Inc., et al., appellees.

___ N.W.2d ___

Filed March 12, 2021.    Nos. S-20-336, S-20-338.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. **Administrative Law: Judgments: Statutes: Appeal and Error.** The meaning and interpretation of statutes and regulations present questions of law which an appellate court decides independently of the decision made by the court below.

3. **Administrative Law: Judgments: Time: Appeal and Error.** Generally, when a request for an appeal before an administrative agency is not timely pursuant to rules and regulations properly adopted by that agency, the agency does not have subject matter jurisdiction to hear the appeal.

4. **Administrative Law: Judgments: Appeal and Error.** When an administrative agency lacks subject matter jurisdiction over a claim, courts also lack subject matter jurisdiction on appeal.

5. **Administrative Law: Statutes.** For purposes of construction, a rule or regulation of an administrative agency is generally treated like a statute, because properly adopted and filed regulations have the effect of statutory law.

6. **Administrative Law.** Absent a statutory or regulatory indication to the contrary, language contained in a rule or regulation is to be given its plain and ordinary meaning.

7. ____. A rule or regulation is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous.

- 598 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

8. ____. A court will construe regulations relating to the same subject matter together to maintain a consistent and sensible scheme.

9. **Administrative Law: Notice: Time: Appeal and Error.** When the adverse action is termination, "the date of the action" for purposes of appeal under 471 Neb. Admin. Code, ch. 2, § 003.01A(3) (2015), is the date notice of the termination is issued, regardless of the termination's effective date.

Appeals from the District Court for Lancaster County: Jodi L. Nelson, Judge. Affirmed.

John A. Svoboda and Eric J. Sutton, of Gross & Welch, P.C., L.L.O., for appellants.

Rodney C. Dahlquist, Jr., of Dornan, Troia, Howard, Breitkreutz & Conway, P.C., L.L.O., for appellee Managed Care of North America, Inc.

Douglas J. Peterson, Attorney General, and James A. Campbell, Solicitor General, for appellees Nebraska Department of Health and Human Services et al.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

In these consolidated appeals, a Medicaid dental provider assigns error to the district court's dismissal of separate actions challenging the denial of an administrative appeal hearing before the Nebraska Department of Health and Human Services (DHHS). Because we agree with the district court that the hearing request was not timely submitted to DHHS under the governing regulation, we affirm the dismissals.

## BACKGROUND

Robert F. Colwell Jr., DDS, P.C., is a Nebraska corporation through which Robert F. Colwell, Jr., D.D.S. (collectively Colwell), provides dental services. Managed Care of North America (MCNA) is a Florida company that provides managed care services to the State of Nebraska's Medicaid

- 599 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

program.[1] In 2016, Colwell entered into a "Master Dental Provider Agreement" with MCNA, whereby Colwell agreed to provide dental services to children and adults enrolled in Nebraska Medicaid, and MCNA agreed to compensate Colwell for providing the services. The agreement was for an initial term of 1 year and had an automatic renewal provision for additional 1-year terms. Article X of the agreement stated that either party could terminate the agreement on 90 days' written notice.

On April 5, 2019, Colwell filed a lawsuit against MCNA in the district court for Douglas County. That action alleged, among other things, that MCNA had failed to pay Colwell for covered services provided to Nebraska Medicaid patients. Colwell's Douglas County suit is not part of the instant appeal, but we reference it because it forms the basis for one of the assignments of error.

On April 24, 2019, MCNA sent a certified letter to Colwell stating that, pursuant to article X of the provider agreement, MCNA was "providing notice of non-renewal" and terminating the Medicaid provider agreement with Colwell. The letter advised Colwell, "Your participation with MCNA will end at midnight on August 22, 2019, as a participating provider for MCNA's Nebraska plan." The letter also advised that until the "Termination Effective Date," which the letter described as August 23, Colwell was to continue providing dental services to Medicaid enrollees under the terms of the agreement.

After receiving the termination letter, Colwell filed a motion for preliminary injunction in the Douglas County action, seeking to enjoin MCNA from terminating the provider agreement, and also amended the complaint to challenge MCNA's termination decision. Our record indicates the preliminary injunction was denied in an order entered August 19.

On August 21, 2019, Colwell filed a "Request for Fair Hearing" with DHHS, seeking to appeal "MCNA's letter of

---

[1] See 482 Neb. Admin. Code, ch. 1, § 001.01 (2013).

- 600 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

4/24/19 terminating [the] Master Dental Provider Agreement." On September 6, DHHS acknowledged the hearing request but informed Colwell via letter that the "appeal involve[d] an action by MCNA that [was] not appealable" to DHHS. Then, on September 17, DHHS issued an order formally dismissing Colwell's hearing request.

On September 20, 2019, Colwell filed an action under the Administrative Procedure Act[2] (APA appeal) in the district court for Lancaster County, challenging the September 17 DHHS order of dismissal. Then, on October 7, Colwell filed a petition in error[3] in the district court for Lancaster County, challenging the same DHHS dismissal order. Both the APA appeal and the petition in error named as defendants MCNA, DHHS, and various State officials, and both alleged that DHHS had erroneously dismissed Colwell's request for a hearing on MCNA's decision to terminate the provider agreement.

The district court for Lancaster County consolidated the two matters, after which MCNA moved to dismiss both, asserting that Colwell's request for a hearing before DHHS had not been timely filed. Alternatively, MCNA argued that dismissal was appropriate under the doctrine of jurisdictional priority because Colwell's previously filed lawsuit against MCNA was still pending in Douglas County and that lawsuit also challenged the termination.

At the hearing on MCNA's motions to dismiss, counsel for all parties appeared, and the court received a certified copy of the official record and proceedings before DHHS. Additionally, MCNA offered certified copies of filings in Colwell's Douglas County action against MCNA, which the court received over Colwell's objection. On the record, counsel for DHHS and the other State appellees informed the court that they agreed with the arguments raised in MCNA's motions to dismiss and that they stood by their position that Colwell had no right to

---

[2] Neb. Rev. Stat. §§ 84-901 to 84-920 and 84-933 to 84-948 (Reissue 2014 & Cum. Supp. 2018).

[3] Neb. Rev. Stat. § 25-1901 (Reissue 2016).

- 601 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

a DHHS hearing on MCNA's decision to terminate the provider agreement.

In an order entered April 20, 2020, the district court dismissed both the APA appeal and the error proceeding for lack of subject matter jurisdiction. The court found that DHHS had no authority to hold a hearing because Colwell's request was untimely under 471 Neb. Admin. Code, ch. 2, § 003.01A (2015), which allows Medicaid providers to appeal adverse actions, but requires the written hearing request to be filed within 90 days of "the date of the action." The district court found that the 90-day appeal period began running on April 24, 2019 (the date of MCNA's letter notifying Colwell of the termination decision), and that Colwell's written hearing request was submitted on August 21, well outside the appeal period. The district court rejected Colwell's contention that the "'date of the action'" was August 23 (the termination effective date), reasoning that such a construction was contrary to the plain language of the regulation. The district court did not address MCNA's jurisdictional priority argument, or any of the other arguments presented, generally reasoning that its resolution of the timeliness issue was both jurisdictional and dispositive.

A few days after the orders of dismissal were entered, Colwell filed a notice of appeal in both cases. Colwell also filed, and the district court overruled, motions to set supersedeas bonds in both cases. The appeals were consolidated, and we granted the appellees' petition to bypass.

## ASSIGNMENTS OF ERROR

Colwell assigns, restated, that the district court erred by (1) receiving new evidence outside the administrative record; (2) dismissing the APA appeal and the error proceeding for lack of jurisdiction; (3) finding Colwell failed to timely file the request for an administrative hearing; (4) failing to find that Colwell's hearing request to DHHS presented an appealable issue; (5) dismissing the APA appeal and the error proceeding without considering the merits of either, thus violating

- 602 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

Colwell's due process rights; and (6) overruling Colwell's motion to set a supersedeas bond.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[4]

[2] The meaning and interpretation of statutes and regulations present questions of law which an appellate court decides independently of the decision made by the court below.[5]

## ANALYSIS

[3,4] Generally, when a request for an appeal before an administrative agency is not timely pursuant to rules and regulations properly adopted by that agency, the agency does not have subject matter jurisdiction to hear the appeal.[6] And when an administrative agency lacks subject matter jurisdiction over a claim, courts also lack subject matter jurisdiction on appeal.[7] Because the threshold jurisdictional issue in these consolidated appeals turns on whether Colwell's written request for a hearing before DHHS was timely, we begin our analysis with the governing administrative regulations.

All parties agree that if Colwell had a right to an administrative appeal hearing before DHHS on these facts, it was governed by 471 Neb. Admin. Code, ch. 2, § 003 (2015). That regulation applies to Medicaid providers[8] and states in relevant part:

---

[4] *Omaha Expo. & Racing v. Nebraska State Racing Comm.*, 307 Neb. 172, 949 N.W.2d 183 (2020).

[5] See *McManus Enters. v. Nebraska Liquor Control Comm.*, 303 Neb. 56, 926 N.W.2d 660 (2019).

[6] See *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000) (superseded by statute as stated in *In re App. No. C-4973 of Skrdlant*, 305 Neb. 635, 942 N.W.2d 196 (2020)).

[7] *Id*.

[8] See 471 Neb. Admin. Code, ch. 2, § 001.01 (2015).

- 603 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

2-003 Appeal Rights: Any adverse action under this Title may be appealed to the Medicaid Director by the person or entity against whom the action was taken.

2-003.01 Hearing Request Procedure: The person or entity appealing an adverse action must submit a written hearing request to the Department.

2-003.01A Deadlines:

1. Administrative sanctions must be appealed within 30 days of the date of the action.

2. Refund requests must be appealed within 30 days of the date of the action indicated either on the Refund Report or the notice of action letter.

3. All other actions must be appealed within 90 days of the date of the action.

2-003.01B Appealing before effective date: A person or entity may appeal a termination or exclusion before the effective date of the proposed termination or exclusion. A termination or exclusion appealed before its effective date will not take effect until the appeal has been decided, unless the termination or exclusion is being imposed pursuant to 42 C.F.R. 455.416(c) or has an immediate effective date because of a threat to client health and safety.

2-003.02 Hearings: Appeal and hearing procedures are governed by Title 465, Chapter 6.[9]

We pause to note that title 471 was amended in 2020, after the relevant events in these appeals. As a result of those amendments, the provisions previously found in § 003 are now in 471 Neb. Admin. Code, ch. 2, § 007 (2020). This opinion refers to the regulations in effect at the time Colwell filed the hearing request.

Section 003.01A contains different appeal deadlines depending on the nature of the adverse action being appealed to DHHS. Colwell's written hearing request sought to appeal

---

[9] *Id.*, § 003.

- 604 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

"MCNA's letter of 4/24/19," which notified Colwell of MCNA's decision not to renew the provider agreement. For purposes of determining the timeliness of Colwell's hearing request to DHHS, the parties generally equate MCNA's non-renewal decision with a termination, and we accept that characterization. In fact, Colwell's briefing plainly states that "[t]he adverse action being challenged is MCNA's termination (without cause) of the [provider agreement]."[10] No party suggests the termination involved either a sanction or a refund request;[11] consequently, the deadline for Colwell to appeal MCNA's termination, assuming without deciding that such a right existed, was governed by § 003.01A(3), which applies to "[a]ll other" adverse actions. Under § 003-01A(3), Colwell was required to submit the written hearing request to DHHS "within 90 days of the date of the action."

The phrase "date of the action" is not defined in the subject regulation, and the parties urge different interpretations. For purposes of calculating the 90-day appeal period, the appellees contend the "date of the action" was April 24, 2019—the date on which MCNA issued notice of the termination decision. Colwell, on the other hand, contends the "date of the action" was August 23—the effective date of the termination. Under the appellees' construction, Colwell's August 21 hearing request was submitted well after the 90-day appeal period and was untimely. But under Colwell's construction, the hearing request was submitted 2 days before the 90-day appeal period started, which Colwell argues is permissible under the regulatory scheme.

Given the parties' contentions, the specific question to be resolved is this: When the adverse action is a termination notification with a future effective date, is the "date of the action" under § 003.01A(3) the date the termination notice is issued or the date the termination becomes effective? To answer this question, we apply settled rules of construction.

---

[10] Brief for appellants at 15.

[11] § 003.01A(1) and (2).

- 605 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

[5-8] For purposes of construction, a rule or regulation of an administrative agency is generally treated like a statute,[12] because properly adopted and filed regulations have the effect of statutory law.[13] Absent a statutory or regulatory indication to the contrary, language contained in a rule or regulation is to be given its plain and ordinary meaning.[14] A rule or regulation is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous.[15] A court will construe regulations relating to the same subject matter together to maintain a consistent and sensible scheme.[16]

Colwell generally argues the phrase "date of the action" is not ambiguous, and we agree. Our construction is therefore controlled by the plain and ordinary meaning of the phrase. We focus first on the key word in this regulatory phrase—"action."

Under the Nebraska Administrative Code, § 003 affords Medicaid providers the right to appeal "[a]ny adverse action" and § 003.01A(3) states that "actions must be appealed within 90 days of the date of the action." Given this regulatory framework, the "action" to which § 003.01A(3) refers is plainly the "adverse action" the provider intends to appeal.

Colwell admits "[t]he adverse action being challenged is MCNA's termination,"[17] and it is undisputed that MCNA notified Colwell of that adverse action in the April 24, 2019, letter. Affording the regulatory language its plain meaning, we conclude "the date of the action" for purposes of § 003.01A(3) was April 24.

---

[12] *J.S. v. Nebraska Dept. of Health & Human Servs.*, 306 Neb. 20, 944 N.W.2d 266 (2020).

[13] *Id*.

[14] *Id*.

[15] See *McManus Enters., supra* note 5.

[16] *Id*.

[17] Brief for appellants at 15.

- 606 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

In resisting this construction, Colwell argues instead that August 23, 2019 (the effective date of the termination), should be considered the "date of the action" for purposes of § 003.01A(3). We reject this construction as unsound, for several reasons.

First, Colwell's construction is imprecise; it conflates a detail of the adverse action with the action itself. When Colwell submitted the hearing request on August 21, 2019, Colwell challenged the April 24 termination notification, not the termination's effective date. For Colwell's proposed interpretation to make sense, the regulatory phrase "the date of the action" must be read to mean "the *effective* date of the action." But that was not the language used by the drafters, and it is not within the province of the courts to read a meaning into a regulation that is not there.[18]

Moreover, we cannot reconcile Colwell's proposed construction with the plain text of the related tolling provisions in § 003.01B. Section 003.01B expressly provides that when the adverse action is "termination," the action may be appealed "before the effective date of the proposed termination," and in that event, the termination "will not take effect until the appeal has been decided." Expressly excluded from the tolling provision are terminations with "an immediate effective date."[19] Because §§ 003.01A(3) and 003.01B relate to the same subject matter, we must construe them in a way that maintains a consistent and sensible scheme.[20] Reading these sections together, it is apparent that when the adverse action is termination, "the date of the action" and "the effective date of the proposed termination" have different meanings under the regulatory scheme and are not, as Colwell suggests, synonymous concepts. Instead, the provisions of § 003.01B address the reality that, to comply with the 90-day appeal

---

[18] *Utelcom, Inc. v. Egr*, 264 Neb. 1004, 653 N.W.2d 846 (2002). Accord *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018).

[19] § 003.01B.

[20] See *McManus, supra* note 5.

- 607 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

deadline in § 003.01A(3), it may be necessary to appeal a termination before it becomes effective. And the provisions incentivize prompt appeal requests and maintain the status quo by tolling the effective date of the termination until the appeal has been decided.

But Colwell argues that § 003.01B should instead be construed to provide a more "comprehensive scheme"[21] that gives Medicaid providers the right to appeal terminations "at any time prior to the effective date of the termination"[22] and also gives them the right to appeal the termination for "90 days after"[23] the termination's effective date. Colwell's proposed construction, in addition to being contrary to the plain text of the regulation, also results in a regulatory scheme which is neither sensible nor consistent.[24]

Allowing terminations to be appealed at any point before the effective date and for 90 days after the effective date would result in widely varying appeal windows. Under Colwell's construction, a Medicaid provider who is notified of an immediate termination would have a 90-day appeal window and a Medicaid provider who is notified of a termination that takes effect in 6 months would have a 270-day appeal window. In contrast, the construction applied by the district court and advocated by the appellees would require all Medicaid providers to appeal within 90 days of the termination notice, regardless of whether the termination becomes effective immediately or sometime in the future. This gives the regulatory scheme a consistent and sensible meaning that encourages prompt appeals from adverse actions and applies the same 90-day appeal window to every Medicaid provider.

---

[21] Brief for appellants at 20.

[22] *Id*. at 19 (emphasis omitted).

[23] *Id*. (emphasis in original).

[24] See *McManus, supra* note 5 (holding court will construe regulations relating to same subject matter together to maintain consistent and sensible scheme).

- 608 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

For the sake of completeness, we note that Colwell's briefing also attempts to support the alternative construction by citing to other regulatory provisions and definitions within the Code of Federal Regulations and elsewhere in the Nebraska Administrative Code. We have carefully reviewed and considered each of the state and federal regulatory provisions cited by Colwell, and find all are inapposite. Little would be gained by an exhaustive comparison of the unrelated regulatory language, because none of the cited federal or state regulatory schemes address the same subject matter before us in these consolidated appeals. Our task is to determine the meaning of the phrase "date of the action" as used in the regulatory scheme governing a Medicaid provider's right to appeal from an adverse action. Colwell's reference to definitions in unrelated federal and state regulations does not inform our work or change the plain meaning of the phrase "the date of the action" in § 003.01A(3).

[9] In summary, we reject Colwell's proposed construction because it would require that we read language into the plain text of the regulation, it cannot be reconciled with other provisions in the same regulation, and it would result in a regulatory scheme which is neither sensible nor consistent. We instead hold that when the adverse action is termination, "the date of the action" for purposes of appeal under § 003.01A(3) is the date notice of the termination is issued, regardless of the termination's effective date. And to be timely, a written hearing request must be submitted to DHHS within 90 days thereafter.

MCNA notified Colwell of the termination decision in the certified letter of April 24, 2019, and Colwell had 90 days thereafter, or until July 23, to submit the written hearing request under § 003.01A(3). Because Colwell's hearing request was not submitted until August 21, it was untimely, and DHHS therefore lacked subject matter jurisdiction over the appeal.[25] When an administrative agency lacks subject

---

[25] See *Creighton St. Joseph Hosp., supra* note 6.

- 609 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
COLWELL v. MANAGED CARE OF NORTH AMERICA
Cite as 308 Neb. 597

matter jurisdiction, the courts also lack subject matter jurisdiction on appeal,[26] and the district court correctly dismissed both the APA appeal and the error proceeding for lack of subject matter jurisdiction.

Because we affirm the district court's dismissal for lack of subject matter jurisdiction, we do not address Colwell's remaining assignments of error, and we express no opinion on Colwell's use of both an APA appeal and a petition in error to challenge DHHS' order of dismissal.

## CONCLUSION

Because Colwell's request for a hearing before DHHS was not timely filed within 90 days of "the date of the action" under § 003.01A(3), we affirm the district court's dismissal for lack of subject matter jurisdiction.

Affirmed.

Miller-Lerman, J., not participating.

---

[26] *Id.*